IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| J.J.,  :  <br>  : <br> **Plaintiff,**  : <br> v.  : <br>  : <br> **Commissioner of Social Security,**  : <br>  : <br> **Defendant.**  : <br> _____  : | **CASE NO:** <br> **7:23-cv-106-WLS-ALS** |

### **ORDER**

Before the Court is Plaintiff's Consent Motion for Attorney's Fees under the Equal Access to Justice Act (Doc. 19) ("Motion for Fees").

**I.  PROCEDURAL BACKGROUND**

Plaintiff filed a Complaint in this Court on September 26, 2023, appealing the Social Security Administration's denial of her claim for disability benefits. (Doc. 1). In response to the Brief of Plaintiff in Support of her Social Security Appeal (Doc. 10), the Commissioner of Social Security ("Commissioner") filed a Consent Motion for Entry of Judgment with Reversal and Remand of the Cause to the Defendant (Doc. 16) ("Motion for Judgment"). Therein, the Commissioner requested, pursuant to sentence four of 42 U.S.C. § 405(g), that the Court enter a judgment with reversal and remand of the cause to the Commissioner. By Order (Doc. 17) entered April 15, 2024, the Court granted the Motion for Judgment reversing the Commissioner's decision and remanding the case to the Commissioner.

Plaintiff seeks attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, totaling $3,411.92 for 13.74 hours of attorney services. This is an average hourly rate of $248.32. Plaintiff further states that the Defendant does not oppose the requested amount of attorney's fees.

A copy of an agreement between Plaintiff and her counsel under the EAJA is attached to the Motion for Fees. (*See* Doc. 19-2.) Pursuant to that agreement, Plaintiff assigns any attorney fees awarded to Plaintiff to the Firm.

## II.  EQUAL ACCESS TO JUSTICE ACT

Pursuant to the EAJA:

[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Moreover, the attorney's fees requested must be reasonable. 28 U.S.C. § 2412(d)(2)(A). "'Excessive, redundant or otherwise unnecessary' hours must be deducted from an award of fees." *Jipson v. Comm'r of Soc. Sec.*, No. 2:13-cv-450-FtM-38DNF, 2014 WL 2951824, at *3 (M.D. Fla. July 1, 2014), *adopting recommendation*, No. 2:13-cv-450-FtM-38DNF, 2014 WL 2951824 (M.D. Fla. June 12, 2014) (citing *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir.1988) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983))). "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Hensley*, 461 U.S. at 436-37.

The Court does not find that the Commissioner's position was substantially justified or that special circumstances make an award unjust. See *Gallo v. Colvin*, No. 1:14-cv-2704, 2016 WL 5899313, at *1 (N.D. Ga. Oct. 11, 2016) ("[T]he Commissioner was not substantially justified in defending the ALJ's decision because the ALJ's decision did not comply with the required legal standards."). Thus, an award of fees is appropriate here.

## III.  REASONABLENESS OF FEES REQUESTED

The EAJA provides that "reasonable attorney fees . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(a).

"Plaintiff bears the burden of showing that the hours requested are reasonable." *Gallo*, 2016 WL 5899313, at *1 (citing *Hensley*, 461 U.S. at 434). The Eleventh Circuit defines a "reasonable hourly rate" as "the prevailing market rate in the relevant legal community for

2

similar services by attorneys with reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citation omitted); *Cullens v. Georgia Dep't. of Transp.,* 29 F.3d 1489, 1494 (11th Cir. 1994) ("The 'relevant market' is generally 'the place where the case is filed.'").

> The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman*, 836 F.2d at 1299 (citations omitted). "[W]here there is inadequate evidence, the district court is considered an expert on the question of reasonable fees and can consider its own knowledge and experience without additional pleadings or a hearing." *Callaway v. Acting Comm'r of Soc. Sec.*, 802 F. App'x 533, 536 (11th Cir. 2020) (citing *Norman*, 836 F.2d at 1303).

## IV. MOTION FOR FEES

Plaintiff's counsel of record is George C. Piemonte of the firm of Martin Jones & Piemonte ("Firm"). The Motion for Fees reflects that Ellen Moyle also performed work in this case on behalf of the Plaintiff. Ms. Moyle is admitted to practice in the State of Georgia but is not admitted to practice in this Court. She serves in an of counsel position with the Firm to provide brief and memo writing services in support of the Firm's Social Security cases.

Plaintiff requests attorney's fees totaling $3,411.92 for 13.74 hours of attorney services. Plaintiff provided the time records of Mr. Piemonte and Ms. Moyle. After adjustment for inflation of the $125 hourly rate allowed under the EAJA, Plaintiff's attorney's fees are calculated at an hourly rate of $244.62 for services rendered in September 2023 and at the rate of $249.16 for services rendered between January and April 2024, resulting in an average hourly rate of 248.32. (*See* Doc. 19-3, 19-4 (counsel's calculations based on the Consumer Price Index)). The Commissioner has not filed any opposition to the Motion for Fees, and a copy of the agreement between Plaintiff and her counsel assigning attorney fees awarded to Plaintiff under the EAJA to the Firm is attached to the Motion for Fees as Exhibit A. (*See* Doc. 19-2).

The Court takes no issue with the hourly rate requested for Plaintiff's attorney's fees. A reasonable market rate in this region for attorneys with skills and experiences similar to Plaintiff's attorneys is well above $125. This Court has often awarded the CPI rate adjusted

3

for inflation to attorneys in social security appeals and, especially where the Commissioner has filed no opposition, finds no reason to depart from that practice here.  The hourly rate sought here is reasonable and justified by the increased cost of living. Further, the Court finds that the hours expended were reasonable.

## V.     CONCLUSION

Upon full review and consideration of the record, the Court hereby **GRANTS** Plaintiff's Consent Motion for Attorney's Fees under the Equal Access to Justice Act (Doc. 19).  The Court awards to Plaintiff from the Defendant Commissioner $3,411.92 in attorney's fees.  Any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff does not owe a federal debt.  If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government may accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

**SO ORDERED**, this 28th day of February 2025.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**